UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-22447-CIV-MORENO

RODRICK HOPKINS,

    Plaintiff,

vs.

AMERICAN SECURITY GROUP A-1, INC., et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Counts IV, V, VI, VII, VIII, and IX of Amended Complaint **(D.E. 10)**, filed on **August 18, 2017**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

### I. BACKGROUND

Plaintiff filed the instant action in Florida's Eleventh Judicial Circuit against Defendants, American Security Group A-1 Inc., d/b/a A-1 Lock and Key, MGN Conquest Corporation, and Michael Nettles. Defendants timely removed to this Court pursuant to 28 U.S.C. § 1441. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Amended Complaint alleges claims against Defendants for unpaid wages under the Fair Labor Standards Act. Defendants seek to dismiss Counts IV, V, VI, VII, VIII, and IX of the Amended Complaint that allege state and common law claims for lack of supplemental jurisdiction, 28 U.S.C. § 1367(a). Additionally, Defendants move to dismiss Counts IV and V for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When a court considers a motion to dismiss, it must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See, e.g., id.*; *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 887 (11th Cir. 2013).

## III. DISCUSSION

### A. Supplemental Jurisdiction

Defendants argue that this Court should decline to exercise supplemental jurisdiction over Counts IV-IX because they "require proof of elements and facts that are not required to prove Plaintiff's Fair Labor Standards Act claims." The supplemental jurisdiction statute provides, in relevant part:

(a) Except as provided in subsections (b) and (c) . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. 28 U.S.C. § 1367(a).

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

2

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Court has original jurisdiction over Counts I-III because Plaintiff alleges violations of the Fair Labor Standards Act. The question is whether Counts IV-IX arise out of a "common nucleus of operative fact" with Counts I-III. *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724-25 (1966)). To determine whether a state law claim satisfies this standard, a court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (*citing Palmer v. Hospital Auth. of Randolph Cty.*, 22 F.3d 1559, 1566 (11th Cir. 1994)). *See Lucero*, 121 F.3d at 598 (finding supplemental jurisdiction over state and federal claims that relied on identical actions of the defendants); *Palmer*, 22 F.3d 1559, 1563-64 (finding supplemental jurisdiction when federal and state claims involve same witnesses, presentation of same evidence, determination of same facts).

Defendants' contention is not that Counts IV-IX do not arise from a common nucleus of operative fact with Counts I-III, nor could they because the claims all arise from Plaintiff's employment. Rather, Defendants suggest that in exercising its discretion pursuant to section 1367(c), the Court should reject supplemental jurisdiction over Counts IV-IX because they "require proof of elements and facts that are not required to prove Plaintiff's Fair Labor Standards Act claims." Defendants also maintain that the additional discovery required to vet Counts IV-IX will delay prosecution of Counts I-III. *Id.*

3

### 1. Counts IV and V

Counts IV and V allege breach of contract for failure to pay "all commission due to Plaintiff for services provided and performed during his employment." Defendants argue that Plaintiff will be required to present evidence of a valid contract, breach, and damages, none of which coincide with the elements required for a claim of unpaid wages under the Fair Labor Standards Act. While the elements are undoubtedly different, the Court would not be burdened by adjudicating the breach of contract claims because the alleged failure to pay commission and unpaid wages stem from the same alleged actions of Defendants. In fact, deciding the claims together would likely be less onerous for a trier of fact already familiar with the employment relationship between the parties. Moreover, the breach of contract claims do not present novel issues of state law or substantially predominate over the Fair Labor Standards Act claims. Thus, supplemental jurisdiction over Counts IV and V is proper.

### 2. Counts VI-IX

Next, Defendants posit that because claims under Florida's Whistleblower Act, Fla. Stat. § 112.3187, and Florida's Workers Compensation Act, Fla. Stat. § 440.205, have similar elements that do not overlap with the elements for Plaintiff's Fair Labor Standards Act claims, they should not come within this Court's supplemental jurisdiction. However, section 1367(c) does not require that the Court's analysis weigh the elements of a cause of action to determine whether supplemental jurisdiction is proper. In this case, Defendants have not shown that different witnesses or evidence would be needed for Counts VI-IX.

Defendants also suggest that the Court should decline to exercise jurisdiction because no Florida District Court has articulated elements required to establish a prima facie case of retaliation under the Florida Whistleblower Act. However, the Eleventh Circuit has held that in the absence of any guiding case law from Florida state courts, the Court is to apply the burden shifting framework established in cases under Title VII of the Civil Rights Act of 1964. *Sierminski v. Transouth Fin.*

*Corp.*, 216 F.3d 945, 950 (11th Cir. 2000). *See also Castillo v. Roche Labs., Inc.*, 467 F. App'x 859, 862 (11th Cir. 2012) (applying Title VII discrimination and retaliation law to a claim under the Florida Whistleblower Act). This Court is intimately familiar with Title VII's burden-shifting framework and would not be burdened in applying it to claims under Florida's Whistleblower and Workers Compensation Acts. *E.g., Masso v. Miami-Dade Cty.*, 465 F.Supp. 2d 1260, 1263 (S.D. Fla. 2006), *aff'd*, 247 F.App'x 190 (11th Cir. 2007); *Jones v. Winn-Dixie Stores, Inc.*, 75 F. Supp. 2d 1357, 1361 (S.D. Fla. 1999), *aff'd*, 203 F.3d 842 (11th Cir. 1999).

Accordingly, the Court denies Defendants' motion because Counts IV-IX arise out of the same nucleus of operative fact as the Fair Labor Standards Act claims and the principles of judicial economy, convenience, and fairness to the parties require that the Court exercise supplemental jurisdiction.

### B. Failure to State a Claim

Defendants argue that Counts IV and V for breach of contract must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In Defendants' view, the Amended Complaint "fails to allege any terms of an employment agreement, including payment terms."

Plaintiff's Amended Complaint states, in relevant part, that Plaintiff and Defendants "were engaged in a verbal agreement whereby Plaintiff would be employed by [D]efendants as a locksmith, and Plaintiff would be compensated a set amount, depending on the difficulty of the job performed." "Defendant[s] . . . failed to pay Plaintiff for work performed from approximately November 2016 until February 2017." Finally, "Plaintiff suffered damages as a result of Defendant[s'] breach of said agreement." Viewed in the light most favorable to him, Plaintiff alleges that the parties had an oral agreement, described the compensation terms (namely that they varied based on the job's difficulty), and set out a specific 3-month period that Defendants allegedly did not comply with the agreement. Resolving all inferences in favor of Plaintiff, the Court finds that Counts IV and V state a claim for

relief that is plausible on its face. Accordingly, Defendants' motion is denied on the basis of failure to state a claim.

## IV. CONCLUSION

Defendants' Motion to Dismiss is denied because Counts IV-IX arise out of the same nucleus of operative fact and because Counts IV and V plausibly state a claim upon which relief can be granted.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th of September 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record